## CHAPTER 13 PLAN DATED September 26, 2014

*Plan Revision dated 09/24/2014*

**United States Bankruptcy Court**
**For the District of Puerto Rico**

**IN RE:**  
**PEREZ SANCHEZ, GABRIEL & VELAZQUEZ BENITEZ, MILEYDIS**  
**URB. VILLA CAROLINA**  
**CALLE 96 BLOQUE 96 #30**  
**CAROLINA, PR  00985**

Case No. _____  
Chapter **13** _____  
SSN: xxx-xx-**0066**  
SSN: xxx-xx-**2228**

*Debtor(s)*

**YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN.**  The following plan contains provisions which may affect your rights. You should read this document carefully and discuss it with your attorney.  When confirmed, the plan shall bind the debtor(s) and each creditor to its terms.  **OBJECTIONS TO THIS PLAN SHALL BE MADE IN COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3015-2.**

1. **PAYMENT AND LENGTH OF PLAN**    [ ] *A payroll deduction order shall be issued to the Debtor's employer.*

Debtor(s) shall pay to the Chapter 13 Trustee the amounts described on the following payment schedule. Unless the Court orders otherwise payments shall commence no later than 30 days after filing of the petition.

**Trustee shall deduct the percentage fee fixed under 28 U.S.C. §586(e) on disbursement provided for in this plan.**

**The effective date of the plan is the date on which the plan is confirmed for the first time.**

☒ **[Section 10 of the plan]**  Provisions provided in section 10 of this plan deviates from the standard provisions used in Form Plan Revision Dated 04/09/2010

☐ **[100+4.25% Distribution]** If this check box is "checked" the plan will pay, after payment in full of all §507 priority allowed claims, 100% of undisputed, non-contingent, liquidated and allowed general unsecured creditors provided under section 8 of this plan, plus a present value annual interest of 4.25%.

**PAYMENT SCHEDULE**

| Monthly Payment Amount | | Months | | Total Paid | |
|---|---|---|---|---|---|
| $400.00 | x | 60 | = | $24,000.00 | |
| **Sub-Totals** | | | | **$24,000.00** | |
| Additional Payments Amounts | | Month from filing, to make payment | | | **DATE & SOURCE OF ADDITIONAL PAYMENTS** |
| $**None** | | | = | $ | |
| **Total Plan Base** | | | = | **$24,000.00** | |

**TAX REFUNDS:**  Income tax refunds, that were accumulated pre-petition, that have not been exempted and those that were accumulated post-petition, thus property of the estate, will be devoted each year, as periodic payments, to the plan's funding until plan completion.  The tender of such payments shall deem the plan modified by such amount, increasing the base thereby without the need of further notice, hearing or Court order. In need be for the use by debtor(s) of a portion of such refund, debtor(s) shall seek Court's authorization prior to any use of funds, or as soon as practicable.

**CHAPTER 13 PLAN DATED September 26, 2014**

*Plan Revision dated 09/24/2014*

**2. PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS AND LEASE PROVISIONS:** ☐ **None, if checked**

**(a) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS:** ☐ **None, if checked**

Pursuant to § 1326(a)(1), the trustee shall make monthly adequate protection payments prior to confirmation and until plan is confirmed, as follows:

| CREDITOR OR LESSOR | COLLATERAL | PAYMENT |
|---|---|---|
| MUEBLERIAS BERRIOS | FURNITURE | $10.00 |
| ORIENTAL BANK | 2011 SUZUKI SX4 | $150.00 |

The Trustee shall commence making adequate protection payments to creditors holding allowed claims secured by a purchase money security interest in personal property as soon as practicable after the filing of a proof of claim by the creditor. Upon confirmation the treatment of these claims shall be governed by applicable plan terms.

**3. PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT)**
**(a)** Outstanding balance of Debtors' attorney fees pursuant to Rule 2016(a) Statement.

| | |
|---:|---|
| Rule 2016(a) Statement: | $ 3,000.00 |
| Fees Paid Pre-Petition: | ($ 237.00) |
| Rule 2016 Outstanding balance: | $ 2,763.00 |

**(b) All allowed priority claims shall be paid in full unless creditor agrees otherwise [11 U.S.C. §1322(A)(2)].**
**The Debtor shall pay DIRECTLY all Domestic Support Obligations that become due after the petition.**

**4. SECURED CLAIMS:** ☐ **None, if checked**

(1) Allowed secured claim holders, with pre-petition perfected and registered liens, provided under this section 4 of the plan, shall retain their liens in compliance with 11 U.S.C. §1325(a)(5)(B)(1) or until otherwise provided under the plan. (2) The Trustee shall pay any and all post-petition fees, expenses, charges and late charges requested by creditor in compliance with Bankruptcy Rule 3002.1, unless objected by the Debtor(s) and/or if ordered by the Court otherwise.

**(a) PAID DIRECT:** ☒ **None, if checked**

**(b) CURE ARREARS:** ☒ **None, if checked**

**(c) CURE ARREARS DIRECTLY OUTSIDE THE PLAN** ☒ **None, if checked**

**(d) PAID IN FULL:** ☒ **None, if checked**
Secured Claims listed below shall be paid in full through the plan on the terms stated below. The Trustee shall pay the allowed claim as filed, unless disallowed or expressly modified by the Court and/or the terms of the plan. However this section does not modify allowed claim and they shall be paid as filed, unless disallowed or expressly modified by the Court. The plan provides for the following claims as follows:

| CREDITOR | COLLATERAL DESCRIPTION | DEBT AMOUNT | ANNUAL INTEREST | MONTHLY PAYMENT | MONTHS OF PAYMENT |
|---|---|---|---|---|---|
| MUEBLERIAS BERRIOS | FURNITURE | $2,273.00 | 0.00% | Pro-Rata | Pro-Rata |

**(e) SECURED CLAIMS SUBJECT TO §506 CRAMDOWN BY ADVERSARY PROCEEDING:** ☐ **None, if checked**
The following partially secured creditors will be paid the value of the collateral securing its lien, in the agreed amount and/or otherwise provide by the Court in the adversary proceeding filed or to be filed for cramdown purposes. The excess of any claim over the value of collateral shall be treated as an unsecured claim.

| CREDITOR | COLLATERAL DESCRIPTION | CRAMDOWN VALUE | MONTHLY PAYMENT | MONTHS OF PAYMENT |
|---|---|---|---|---|
| ORIENTAL BANK | 2011 SUZUKI SX4 | $5,483.00 | Pro-Rata | Pro-Rata |

CHAPTER 13 PLAN DATED September 26, 2014

*Plan Revision dated 09/24/2014*

**5. INSURANCE COVERAGE FOR SECURED CLAIMS:** ☐ None, if checked
(Adequate Protection) for the secured interest of the allowed secured creditor listed below and provided for in this plan shall be provided through the plan as follows. Insurance will be provided to lien holder upon expiration of original contract, if lien has not been satisfied upon reaching the date of expiration of the original contract. Insurance provider must file a claim to receive payment. Insurance payments will begin upon the filing of the proof of claim, or upon expiration of original contract. No retroactive insurance coverage will be paid, unless specifically agreed upon.

| CREDITOR | COLLATERAL DESCRIPTION | AS PER CLAIM FILED BY PROVIDER |
|---|---|---|
| ORIENTAL BANK | 2011 SUZUKI SX4 | See claim filed by provider |

**6(a). SURRENDER OF PROPERTY (NO DISTRIBUTION BY THE TRUSTEE) :** ☐ None, if checked
Debtor(s) surrenders the following collateral to the named lien holder(s) in this section in full satisfaction of the lien and in partial payment of its claim. Upon confirmation of this plan, the stay is also lifted as to the collateral only, to allow lien holder(s) to proceed with against the collateral only. Any allowed claim by a creditor or creditors provided for in this section shall receive no distribution under the plan, as to its secured portion as it will be satisfied by the surrender of the collateral. All payments and deductions regarding the obligation secured by the collateral shall immediately cease and shall be stopped by any entity making them or withdrawing them. Any unsecured portion of the claim as filed, or latter filed amending the same to reflect a deficiency balance after surrender, shall be paid as an unsecured claim pursuant to this plan, within the terms and conditions of section 10(c) of this plan.

| CREDITOR | COLLATERAL DESCRIPTION |
|---|---|
| NAVY FEDERAL CREDIT UNION | SHARES AND DEPOSITS |

**7. UNSECURED PREFERRED CLAIMS:** ☒ None, if checked

**8. UNSECURED CLAIMS**

Allowed non-priority unsecured claims shall be paid as follows:

The debtor(s) shall pay the Trustee sufficient funds to pay the higher of the ("Unsecured Pool") determined pursuant to Form B22C or the present value of the portion of the Liquidation Value determined in the case pursuant to 11 U.S.C. § 1325(a)(4), that general unsecured creditors are entitled to receive.

Any funds received by the Trustee in excess of the amount necessary to pay all allowed priority unsecured claims, all secured claims, all long term debts, and the Unsecured Pool and/or the Liquidation Value, shall increase the return to general unsecured allowed claims until the Debtor has paid the Plan Base to the Trustee.

**9. OTHER PLAN PROVISIONS AND MOTIONS**

**(a) Vesting of Property of the Estate:** Pre-petition existing property of the estate shall vest in the Debtor(s) upon discharge. The Court will retain jurisdiction over all existing causes of action. Post-petition acquired property will be property of the chapter 13 estate pursuant to 11 U.S.C §1306.

**(b)** Notwithstanding whatever provided in preceding paragraph (a), if the plan is funded by the proceeds of a sale or refinancing of property of the estate shall not vest on debtors and the Court shall retain jurisdiction over such property and any related transactions until its completion.

**(c) Excluded Properties By Stay Modification:** For properties for which the stay is modified or lifted under section (6) of this plan, hereinafter referred as **"excluded property",** if a private or judicial sale of the "excluded property" occurs and proceeds are left after payment of all liens and all costs, those proceeds will be paid into the plan and the plan's base will be deemed amended automatically without further hearing.

<u>**CHAPTER 13 PLAN DATED September 26, 2014**</u>

*Plan Revision dated 09/24/2014*

**10. Other, Special Provisions of the Plan Not Elsewhere Described:**

**THIS PLAN DOES NOT ALLOW CLAIMS.** To be paid under any plan that may be confirmed, you must file a proof of claim. The Trustee shall pay the allowed claim as filed, unless disallowed or expressly modified by the Court and/or the terms of the plan. If no claim is filed, the Trustee shall not pay a creditor provided for in the plan, unless ordered by the Court. Please refer to the notice of commencement of case for §341 meeting date, plan confirmation (approval) hearing date and the claims bar date, the latter date by which a proof of claim must be filed to participate of the plan distribution.

**POST PETITION REGULAR MONTHLY PAYMENTS ON SECURED CLAIMS.** In order to commence disbursements of any post petition regular payments, on any secured obligation, a proof of claim must be filed including the following information: (a.) account number; (b.) mailing address; (c.) due date and (d.) the monthly payment. Such creditor must notify the Trustee of any change in the monthly payment under the terms of the obligation at least 60 days prior to the effective date of new payment.

**(a) Order of Distribution.**
Trustee shall disburse or accrue payments to allow claims provided in the plan in the following order, unless the plan provides otherwise:

| PAYMENT ORDER | ALLOWED CLAIM |
|---|---|
| 1 | Pre-Confirmation Adequate Protection Payments under 11 U.S.C. § 1326(a)(B)&(C) |
| 1 | Post Petition Regular Monthly payments of Secured Claims |
| 1 | Debtor's Attorneys Fees |
| 2 | Lease related: (Direct payments, arrears, reserve and residuals) on assumed leases |
| 3 | Secured creditors provided under the plan on prorata basis and/or any before any other creditor |
| 3 | Equal Monthly Payments to Secured Creditor |
| 3 | Insurance Premium |
| 4 | §507 Priority Allowed Claims |
| 5 | Preferred Unsecured claims |
| 6 | General Unsecured Claims |

**b.** Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002, nor it bars the filing and/or granting of a request for compensation in excess of the amounts provided for in L.B.R. 2016-1(f).

**c.** Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within ninety (90) days after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming or approving this plan, modifying this plan, or granting relief from the stay, which ever occurs first. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

**d.** If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

**e.** Property of the estate includes all of the property specified in 11 U.S.C. §541 and all property of the kind specified in such section acquired by the debtor after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.

**f.** To receive a pre-confirmation adequate protection payment from the trustee, as provided for by the Code, the secured creditor must file a proof of claim. Adequate Protection Payments will begin as soon as practicable after filing the proof of claim by the creditor, and there will be no retroactive adequate protection payments for the elapsed time before filing the proof of claim. To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court. A creditor, that it is provided for under the terms of this plan and fails to file a timely allowed claim before the bar date, will have consented to a prohibition to request relief from the automatic stay.

**CHAPTER 13 PLAN DATED September 26, 2014**

*Plan Revision dated 09/24/2014*

**g.** The plan filed by the debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the debtor(s) or the Chapter 13 Trustee.

**h.** All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

**i.** The plan in this case will provide for the payment of all filed and allowed contingent claims at the same percentage as the said plan pays to other unsecured creditors. For purposes of the plan, all such contingent claims shall be deemed to have an estimated value of $100.00.

**j.** Confirmation of this plan shall constitute a finding that the debtor(s) do not waive, release or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

**k.** The debtor(s) reserve the right to reduce the any and all terms of the plan at any time, even after confirmation of the plan. Creditors should be aware that this is a "pot plan" and general unsecured creditors are not guaranteed that the projected distribution at confirmation will remain unaltered after confirmation. It should not be understood that the debtor(s) waive(s), resign(s) or agree(s) that the term of the plan should be 60-months. The debtor(s) make no representation that the plan month term, base, and/or unsecured distribution of the plan will not be reduced. The debtor(s) proposal of a 60-month plan is made without prejudice to challenging the temporal or quantitative meaning of 11 U.S.C. 1325(b)(1)(B).

**l.** Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of this estate in bankruptcy for which the certificate of title is in the possession of the secured party, the secured party shall within 10 days after demand and, in any event, within 30 days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles and/or the Department of Public Transportation prescribes, and mail or deliver the certificate and release to the debtor(s) or the attorney for the debtor(s). Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The debtor(s) specifically reserve the right to file a motion to reopen this case under 11 U.S.C. §350 to pursue the rights and claims provided for herein.

**m.** If a claim has been transferred by the holder thereof after the holder has filed a proof of claim with the Trustee, then the failure of the transferee to file evidence of the terms of the transfer with the Clerk of the Bankruptcy Court, with the Trustee, and with the attorney for the debtor(s) shall not serve to remove the transferor as a creditor in this case and in such situations all actions taken by the transferee subsequent to the transfer shall be deemed acts of the transferor to the same extent as if the transferee was a duly appointed agent of the transferor acting fully within the course and scope of his, her or its agency.

**n.** Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes waiver of any right(s) of said creditor(s) to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contracts with the debtor(s) herein.

**CHAPTER 13 PLAN DATED September 26, 2014**

*Plan Revision dated 09/24/2014*

**o.** The debtor(s) reserves the right to object to any proof of claim that is not filed in strict compliance with Rule 3001 of the Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, or defenses the debtor(s) may have with respect to any such claim. Furthermore, to the extent a filed proof of claim is inconsistent with this Plan or with any of the Schedules or Statements filed in this case, then and in that event the debtor(s) reserve the right to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims. To the extent the debtor raises an objection to a filed proof of claim, or to a notice of transfer of a filed claims, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated. The debtor also reserves to the estate or the debtor(s) all claims or causes of action he may have, could have or might have based on any claim filed with the Trustee in this case by any creditor, assignee or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver of any such claims or causes of action.

**p.** 11 U.S.C.§1325(a)(9)(*) provides that for purposes of paragraph (5) of §1325(a), §506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in 49 U.S.C. §30102) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing. Since 506(a)(1) provides for the allowance of unsecured claims for under-secured creditors, and since such section does not apply to these claims, then to the extent that this plan provides for the abandonment of any 910-day or 1-year collateral to the holder of the secured claim then and in that event such action shall be deemed in full satisfaction of the underlying debt and such creditor shall not be allowed and in fact precluded from filing an unsecured deficiency claim after the recovery and disposition of the collateral.

**q.** Upon confirmation of this plan, all creditors who are provided for under the plan shall be specifically prohibited from taking any of the following actions pursuant to 362(a): (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

**r.** Confirmation of this Plan shall constitute a finding by the Court that the Debtor(s) and attorney(s) for Debtor(s) have fully complied with all of the required pre-confirmation obligations imposed by Title 11 of the United States Code, the Rules of Bankruptcy Procedure, the Local Rules of this Court, and all Administrative Orders and any other procedures related to the implementation of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. This plan does not set a deadline for the filing of administrative expenses.

**CHAPTER 13 PLAN DATED September 26, 2014**

*Plan Revision dated 09/24/2014*

**s.** The plan filed by the debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which permits any such creditor to declare the Debtor(s) in default under any such agreement for filing a bankruptcy/insolvency action (*Ipso Facto Clauses*). Consequently, confirmation of this plan shall constitute a finding that any such *Ipso Facto Clauses*, no matter how or where arising, are invalid, void and otherwise unenforceable as to the Debtor(s) in this chapter 13 case or in any subsequent conversion of this case to a chapter 7 proceeding. Nor shall such *Ipso Facto Clauses* be binding on any trustee, whether appointed in this chapter 13 case or who may be subsequently appointed upon conversion of this case to a chapter 7 proceeding. The Debtor(s) hereby specifically reject all existing contracts for credit that are not specifically accepted or reaffirmed, including/particularly any clause of any contract that includes binding arbitration. That upon discharge all contracts not specifically accepted or reaffirmed, will be considered rejected and void, and will not be applicable to any cause of action, and specifically any clause requiring binding arbitration is hereby rejected in any matter arising pursuant to Title II, or a core action thereof.

| | |
|---|---|
| */s/ GABRIEL PEREZ SANCHEZ* | */s/ MILEYDIS VELAZQUEZ BENITEZ* |
| Debtor | Joint Debtor |
| **September 26, 2014** | **September 26, 2014** |
| | */s/ JUAN M. SUAREZ COBO* |
| | DEBTOR'S ATTORNEY SIGNATURE |
| | Tel: 787-791-1818 |
| | Fax: 787-791-4260 |
| | Box 316, Señorial Station |
| | San Juan, P.R 00926-6023 |